**COMMITTEE OF CENTRAL AMERICAN REFUGEES ("Comite De Refugiados Centro-Americanos" or "Crece"), Political Asylum Emergency Representation Program, et al., Plaintiffs-Appellants,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Meese, Edwin R., as Attorney General of the United States, Nelson, Alan C., as Commissioner of the Immigration and Naturalization Service, and Ilchert, David, as Director of the S.F. District of INS, Defendants-Appellees.**

**COMMITTEE OF CENTRAL AMERICAN REFUGEES, et al., Plaintiffs-Appellants,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants-Appellees.**

Nos. 85–2329, 85–2752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1986.

Decided July 31, 1986.

As Amended Jan. 9, 1987.

Liza Amtanis, Kevin R. Johnson, Heller, Ehrman, White & McAuliffe, Robert Rubin, San Francisco, Cal., for plaintiffs-appellants.

Joan E. Smiley, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ALARCON and WIGGINS, Circuit Judges, and STEPHENS,* District Judge.

The court's opinion in this case filed July 31, 1986, and which appears in 795 F.2d at 1434 is amended as follows:

1. Delete the final full paragraph which begins on page 1439 and carries over to page 1440, including footnote 7, and substitute the following paragraph:

We have held that the right to counsel is violated when the INS effectively denies access to counsel because of the failure of the immigration judge to grant a continuance at the new place of detention and not because of any abuse of discretion by the Attorney General in ordering the transfer. *Rios-Berrios v. INS*, 776 F.2d 859 (1985). We adhere to our holding in *Rios-Berrios*. We there said that "we will continue to take a close look" at claims that counsel has effectively been denied in deportation hearings where "so fundamental a question as to right to counsel of one's choice is concerned." *Id.* at 863–64. In this case, plaintiffs' transfers did not interfere with any established attorney-client relationship. Nor has it yet been shown that the transfers effectively denied access to counsel. Nearly all of the named plaintiffs were shown to have received the assistance of counsel after their transfers. Accordingly, the district court did not err in concluding as a matter of law, that the alien class and named individuals did not have a fair chance of success on the merits. We emphasize that based on facts presented at the hearing and the preliminary injunction, the alien class has not made out a case for preliminary injunctive relief. As we noted in *Gambell*, "[t]his matter is before us on an interlocutory appeal. We do not know what the evidence will be at trial. In the absence of a fully developed trial record, we cannot now decide whether a permanent injunction should issue in this matter." 774 F.2d at 1426 n. 2.

2. Delete the first sentence in the first full paragraph of page 1440 and substitute the following sentence:

In addition to the concluding that appellants have not shown a likelihood of success in establishing an actual violation of their due process right or statutory privilege to be represented by retained counsel, the district court also found that prudential considerations precluded interference with the Attorney General's discretion under the facts introduced at the hearings on the motions for preliminary injunctions.

3. Delete the sentence following "*Id.* (emphasis added)." on page 1441, which states: "We granted relief in *Rios-Berrios* because of the failure of the immigration judge to grant a continuance *at the new place of detention* and not because of any abuse of discretion by the Attorney General in ordering the transfer."

The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.